IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CESAR CORTEZ, | : |
|               Plaintiff, | : |
| V. | :   NO. 5:24-cv-00345-MTT-CHW |
| WARDEN ANTOINE CALDWELL, *et al.*, | : |
|              Defendants. | : |

**ORDER**

Plaintiff Cesar Cortez, a prisoner in the Special Management Unit of the Georgia Diagnostic and Classification Prison in Jackson, Georgia, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. ECF No. 1. He also sought leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). ECF No. 2. Plaintiff's motion to proceed *in forma pauperis* was granted, and Plaintiff was ordered to pay an initial partial filing fee, ECF No. 4, which he has now paid. Upon preliminary review, Plaintiff will be permitted to proceed for further factual development on his deliberate indifference to safety claim against Defendants Warden Antoine Caldwell, Deputy Warden Mark Agbaosi, Lieutenant Jeremy Crews, Lieutenant Derek Biggs, and Sergeant Byron Lee.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

    I.    <u>Standard of Review</u>

The Prisoner Litigation Reform Act ("PLRA") obligates the district courts to

conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding *in forma pauperis*. Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). Pro se pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Hughes*, 350 F.3d at 1160 (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted). The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'" *Id.* (citation omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and

2

cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'" *Twombly*, 550 U.S. at 555 (citation omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.     Factual Allegations

In his complaint, Plaintiff asserts that he is an inmate in the H-2 Tier III STEP Unit at the Georgia Diagnostic and Classification Prison. ECF No. 1 at 5. According to Plaintiff, Lieutenant Jeremy Crews is in charge of the H Building, which includes Plaintiff's dorm. *Id.* at 9. For months prior to the incident at issue here, Crews left the unit off of lockdown and unsecured, even though the dorm is part of "a high risk inmate program" with "strict procedures and policies." *Id.* One such policy is that, other than four hours of out-of-cell time each weekday, the inmates are to be locked down and secured in their cells at all times. *Id.*

Plaintiff alleges that, on June 2, 2023, Warden Antoine Caldwell put the H-2 Step unit on administrative lockdown after Plaintiff and three other inmates were assaulted by another inmate with a knife. ECF No. 1 at 7. The next day, an inmate in the H-1 segregation unit broke into the control room and unlocked the H-2 cell doors. *Id.* No one came to the dorm to investigate why there was an inmate in the control room or why the cell doors had been unlocked. *Id.*

June 3 and 4, 2023, were a Saturday and a Sunday. *Id.* According to Plaintiff, no one conducts count times, wellness checks, or security rounds on weekends or holidays. *Id.* Meal trays are brought by other inmates who simply drop off the trays and leave. *Id.* During that specific weekend, no officers came to lock the unit back down or ask why the inmates were not in their cells. *Id.* Again on Monday, June 5, 2023, no wellness or security checks were conducted, and Warden Caldwell did not come to the dorm to see why the inmates were no longer on lockdown. *Id.* at 7-8.

As noted above, Lieutenant Crews was in charge of the H Building. *Id.* at 9. Additionally, Deputy Warden Mark Agbaosi was the duty officer at the time, Lieutenant Derrick Biggs was the night shift supervisor, and Sergeant Byron Lee was the night shift officer. *Id.* at 9-10. During the time at issue, none of these officers enforced the procedures for the unit requiring security and wellness checks. *Id.* Additionally, Agbaosi and Lee ignored video footage of the dorm and control room, leaving the dorm in the control of the inmates. *Id.* Biggs and Lee also failed to investigate why the unit had been released from lockdown and failed to secure the cell doors. *Id.* at 10.

4

In the early morning hours of June 6, 2023, Plaintiff was awakened by another inmate, Wheeler, who told Plaintiff that some inmates had broken into the control room and were "messing with the cell locks" and talking about someone being asleep. *Id.* at 8. These other inmates said, "we can get them." *Id.* Wheeler told Plaintiff that the other inmates were wearing masks and carrying knives and machetes. *Id.* When Plaintiff went to look through a hole in the shower ceiling that went into the control room, he was hit on the forehead with a machete. *Id.*

No one from the prison administration came to investigate the situation overnight. *Id.* In the morning, an inmate brought breakfast trays to the dorm. *Id.* At that point, Plaintiff and others told the inmate who brought the trays to get an officer. *Id.* Sergeant Lee subsequently arrived and was directed into the shower to get one of the inmates. *Id.* Sergeant Lee directed an orderly to "remove the inmate from the shower by dragging him by the feet." *Id.* Plaintiff needed to go to medical because of the injury to his head, but Sergeant Lee left Plaintiff and another injured inmate in the dorm. *Id.* A few hours later, Warden Caldwell came to the dorm and told the inmates that they should not be out of their cells. *Id.* Plaintiff was then taken to the hospital. *Id.*

I.     Plaintiff's Claim

Plaintiff's allegations present a potential claim for deliberate indifference to Plaintiff's safety. Jail and prison officials have a duty to protect inmates from violence at the hands of other inmates. *Mosley v. Zachery*, 966 F.3d 1265, 1270 (11th Cir. 2020). But not every instance of violence between inmates "translates into constitutional liability

5

for prison officials responsible for the victim's safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Rather, it is only "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate [that] violates the Eighth Amendment." *Id.* at 828. To state a claim for deliberate indifference to an inmate's safety, a prisoner must allege facts to show: (1) a substantial risk of serious harm; (2) deliberate indifference to that risk; and (3) causation. *Bowen v. Warden Baldwin State Prison*, 826 F.3d 1312, 1320 (11th Cir. 2016); *Goodman v. Kimbrough*, 718 F.3d 1325, 1331 (11th Cir. 2013).

"The first element of an Eighth Amendment claim—a substantial risk of serious harm—is assessed under an objective standard." *Lane v. Philbin*, 835 F.3d 1302, 1307 (11th Cir. 2016) (internal citation omitted). To prevail, the prisoner must show "conditions that were extreme and posed an unreasonable risk of serious injury to his future health or safety." *Marbury v. Warden*, 936 F.3d 1227, 1233 (11th Cir. 2019) (quoting *Lane*, 835 F.3d at 1307).

To establish deliberate indifference, a plaintiff must plausibly allege that the defendant: (1) "was subjectively aware that the inmate was at risk of serious harm"; (2) "disregarded that risk"; and (3) "acted with 'subjective recklessness as used in the criminal law.'" *Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc) (quoting *Farmer*, 511 U.S. at 839). The first prong—subjective awareness—requires "that the prison 'official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Rodriguez v. Sec'y for Dep't of Corrs.*, 508 F.3d 611, 617 (11th Cir. 2007) (quoting

6

*Farmer*, 511 U.S. at 837).  The second prong—disregard of the risk—is objective, and the facts must show that the defendant responded to the known risk in an objectively unreasonable manner.  *Marbury*, 936 F.3d at 1233.  The third prong—subjective recklessness—is satisfied only if the plaintiff shows "that the defendant actually knew that his conduct—his own acts or omissions—put the plaintiff at substantial risk of serious harm."  *Wade*, 106 F.4th at 1253.

Finally, to establish causation, "the plaintiff must show a 'necessary causal link' between the officer's failure to act reasonably and the plaintiff's injury."  *Marbury*, 936 F.3d at 1233 (citation omitted).  This inquiry focuses "on whether an official's acts or omissions were the cause—not merely a contributing factor—of the constitutionally infirm condition."  *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993).  "[T]he 'critical' question is whether [the defendant] was 'in a position to take steps that could have averted the [injury] . . . but, through [deliberate] indifference, failed to do so.'  To determine whether [the defendant] caused [the] injury, [the Court] look[s] at his 'duties, discretion, and means.'"  *Rodriguez*, 508 F.3d at 622 (citation omitted).

According to the complaint, Plaintiff is in a high security dorm that is supposed to be locked down for the majority of the day.  When the events underlying the complaint occurred, the warden had placed the dorm on full lockdown due to a violent incident only a few days earlier.  Despite being aware of these circumstances, all of the defendants allowed the dorm to remain unlocked on the night in question.  Because the dorm was not locked down, other inmates were able to get into the area where Plaintiff was housed and

injure him. These allegations are sufficient to allow Plaintiff to proceed for further factual development on his deliberate indifference to safety claim against Warden Antoine Caldwell, Deputy Warden Mark Agbaosi, Lieutenant Jeremy Crews, Lieutenant Derek Biggs, and Sergeant Byron Lee.

## ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against Defendants **WARDEN ANTOINE CALDWELL, DEPUTY WARDEN MARK AGBAOSI, LIEUTENANT JEREMY CREWS, LIEUTENANT DEREK BIGGS, and SERGEANT BYRON LEE**, and it is accordingly **ORDERED** that service be made on these Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are similarly advised that they are expected

to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil

Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests**

**for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED**, this 5th day of February, 2025.

s/ Charles H. Weigle<br>
Charles H. Weigle<br>
United States Magistrate Judge